UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

CHRISTINE HORANSKY,

       Plaintiff,

vs.

THE GUARDIAN LIFE INSURANCE
COMPANY OF AMERICA,

       Defendant.            /

## COMPLAINT

The Plaintiff, Christine Horansky ("HORANSKY"), by and through the undersigned counsel, hereby sues The Guardian Life Insurance Company of America ("GUARDIAN") and alleges:

## PRELIMINARY ALLEGATIONS

1. "Jurisdiction"- This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by a Plaintiff for employee benefits under and employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question. This action is brought for the purpose of recovering benefits under the terms of an employee benefit plan, and to clarify Plaintiff's rights under the employee benefit plan administered and funded by the Defendant. Plaintiff seeks relief, including, but not limited to, payment of benefits, prejudgment and post-judgment interest, reinstatement of plan benefits at issue

1

herein, and attorney's fees and costs.

2. HORANSKY was at all times relevant a plan participant under the World Food Program USA ("WFP") Long Term Disability Plan, Policy No.: LTD G-00457475 ("LTD" Plan), of which her employer WFP was a participating employer thereunder.

3. Defendant, GUARDIAN, is a corporation with its principal place of business in the State of Pennsylvania, authorized to transact and transacting business in the Southern District of Florida.  GUARDIAN is the insurer of benefits under the LTD Plan and acted in the capacity of a plan administrator.  As the decision maker and payor of plan benefits, GUARDIAN administered the claim with a conflict of interest and the bias this created affected the claims determination.

4. The GUARDIAN LTD Plan is an employee welfare benefit plan regulated by ERISA, established by WFP, under which HORANSKY was a participant, and pursuant to which HORANSKY is entitled to Long Term Disability benefits ("LTD benefits").  Pursuant to the terms and conditions of the LTD Plan, HORANSKY is entitled to LTD benefits for the duration of the Plaintiff's disability, for so long as HORANSKY remains disabled as required under the terms and conditions of the LTD Plan.

5. Venue is proper in this district under 29 U.S.C. § 1132(e)(2), in that defendant, GUARDIAN, is authorized to and is doing business within the Southern District of Florida.

**CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POST-JUDGMENT INTEREST AND ATTORNEY'S FEES AND COSTS PURSUANT TO 29 U.S.C. § 1132(a)(1)(B)**

6. HORANSKY incorporates by reference all preceding paragraphs as

though fully set forth herein.

7. At all times relevant, HORANSKY was an employee or former employee of WFP and a plan participant under the terms and conditions of the LTD Plan.

8. During the course of HORANSKY's employment, HORANSKY became entitled to benefits under the terms and conditions of the LTD Plan. Specifically, while HORANSKY was covered under the LTD Plan, HORANSKY suffered a disability, as a result of Sickness, the nature of which due to privacy is detailed within the administrative record, rendering her disabled as defined under the terms of the LTD Plan.

9. As it relates to HORANSKY's current claim for benefits, Disability is defined to mean, a covered person has physical, mental or emotional limits caused by a current sickness or injury. And, due to these limits, he or she is not able to perform the major duties of his or her own occupation or gainful work as shown below: . . . (2) After the end of the own occupation period, he or she is not able to perform, on a full-time basis, the major duties of any gainful work. . . .

10. Pursuant to the terms of the LTD Plan, HORANSKY made a claim to GUARDIAN for LTD benefits under the LTD Plan with an effective date of disability of August 16, 2013.

11. GUARDIAN initially approved HORANSKY's claim for benefits under the "Chronic Fatigue Conditions" definition of disability and paid her claim thru November 13, 2015.

12. By letter dated October 23, 2015, GUARDIAN denied HORANSKY's claim for benefits since "Chronic Fatigue Conditions" are limited to a maximum payment period of twenty-four months, in accordance with the "Special Limitations" section of the plan.

13. HORANSKY properly appealed adverse determination on April 18, 2016.

14. GUARDIAN upheld its decision by letter dated September 19, 2016 and advised HORANSKY that she had the right to file a lawsuit.

15. At all relevant times, HORANSKY complied with all conditions precedent and exhausted all required administrative remedies under the LTD plan.

16. At all times material, HORANSKY has been unable to perform the material duties of any occupation for which she is, or reasonably become, qualified based on education, training or experience.

17. At all times material, HORANSKY has been unable to earn 80% or more of her indexed earnings as defined in the LTD Plan.

18. At all relevant times, HORANSKY has been receiving appropriate care.

19. At all relevant times, HORANSKY was a Covered Person under the LTD Plan.

20. From November 14, 2015 to the present date, HORANSKY has not received benefits owed to her under the LTD Plan, despite HORANSKY's right to these benefits.

21. HORANSKY has exhausted her administrative remedies.
    a. GUARDIAN breached the LTD Plan and violated ERISA in the following respects:
    b. Failing to pay LTD benefits to HORANSKY at a time when GUARDIAN and the LTD Plan knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the LTD Plan, as HORANSKY was disabled and unable to work and therefore entitled to benefits.
    c. After HORANSKY's claim was denied in whole or in part, GUARDIAN

    failed to adequately describe to HORANSKY any additional material or information necessary for HORANSKY to perfect her claim along with an explanation of why such material is or was necessary.

  d. GUARDIAN failed to properly and adequately investigate the merits of HORANSKY's disability claim and failed to provide a full and fair review of HORANSKY's claim.

22. HORANSKY believes and alleges that GUARDIAN wrongfully denied her claim for LTD benefits under the LTD Plan, by other acts or omissions of which HORANSKY is presently unaware, but which may be discovered in this future litigation and which HORANSKY will immediately make GUARDIAN aware of once said acts or omissions are discovered by HORANSKY.

23. As a proximate result of the aforementioned wrongful conduct of GUARDIAN under the LTD Plan, HORANSKY has damages for loss of disability benefits in a total sum to be shown at the time of trial.

24. As a further direct and proximate result of this improper determination regarding HORANSKY's claim for benefits, HORANSKY, in pursuing this action, has been required to incur attorney's fees and costs.  Pursuant to 29 U.S.C. § 1132(g)(1), HORANSKY is entitled to have such fees and costs paid by GUARDIAN.

25. The wrongful conduct of GUARDIAN has created uncertainty where none should exist.  Therefore, HORANSKY is entitled to enforce her rights under the terms of the LTD Plan and to clarify her right to future benefits under the LTD Plan.

## **REQUEST FOR RELIEF**

WHEREFORE, Christine Horansky's for relief against Guardian Standard Life Insurance Company as follows:

1. Payment of disability benefits due Plaintiff;

2. An order declaring that Plaintiff is entitled to immediate reinstatement to the LTD Plan, with all ancillary benefits to which she is entitled by virtue of her disability, and that benefits are to continue to be paid under the LTD Plan for so long as Plaintiff remains disabled under the terms of the LTD Plan;

3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4. Pursuant to 29 U.S.C. § 1132(g), payment of all attorney's fees and costs incurred in pursuing this action;

5. Payment of all prejudgment and post-judgment interest as allowed for under ERISA; and

6. Such other and further relief as this Court deems just and proper.

DATED: February 13, 2017

        ATTORNEYS DELL AND SCHAEFER, CHARTERED
Attorneys for Plaintiff
2404 Hollywood Boulevard
Hollywood, FL  33020
Phone: (954) 620-8300
Fax: (954) 922-6864

/s/ *Rachel Alters*
Rachel Alters, ESQUIRE
Florida Bar No.: 106232
Email: Rachel@diattorney.com
GREGORY MICHAEL DELL, ESQUIRE
Florida Bar No.: 299560
Email: gdell@diattorney.com